UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                     :
HERMAN BRETTLER, Trustee of the Zupnick    :
Family Trust 2008A,                               :          MEMORANDUM & ORDER

                               Plaintiff,                      :          16-cv-6855 (ENV) (SLT)

                                    v.                             :

ALLIANZ LIFE INSURANCE COMPANY OF       :
NORTH AMERICA,                                  :

                                 Defendant.      x

--------------------------------------------------------------

VITALIANO, D.J.

        On September 19, 2016, plaintiff Herman Brettler, in his capacity as trustee of the Zupnick Family Trust 2008 (the "Trust"), commenced this action against Allianz Life Insurance Company of North America ("Allianz"), seeking a declaration that a life insurance policy issued by Allianz (the "policy") remained in effect. Compl., Dkt. 1-1. On December 6, 2018, this Court granted Allianz's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), finding that because the previous owner of the policy did not provide Allianz with written notice of its assignment to the Trust, as the terms of the policy required, the assignment was ineffective and the Trust lacked contractual standing. *See* MTD Order, Dkt. 27, at 8–9.

        On appeal, the Second Circuit held that the question of whether a policy owner's failure to comply with this type of written notice requirement renders an assignment ineffective under New York law is likely a question best answered by the New York Court of Appeals, given the lack of binding precedent on this issue. *See* 2d Cir. Mandate, Dkt. 39, at 4. However, in hope of disposing the matter without the need for certification, the Second Circuit remanded and directed this Court to determine, in the first instance: (1) whether plaintiff's claims are time-barred under

1

New York law, and (2) whether the policy was assignable on May 24, 2016, when it was allegedly transferred back into the Trust's ownership. *Id.*

Upon review of the parties' supplemental briefs, the Court finds that plaintiff's claims are not time-barred and plaintiff has plausibly alleged that the lapsed policy was assignable as of May 24, 2016. Accordingly, dismissal under Rule 12(b)(6) is warranted, but only on the grounds identified in the December 2018 order.

Factual Background and Procedural History[1]

On April 7, 2008, Allianz issued a life insurance policy to the Trust, valued at $8,000,000, on the life of Dora Zupnick. Compl. ¶ 4. On May 24, 2012, Allianz received notice that the Trust was assigning its full interest in the policy to Miryam Muschel. *See* Dkt. 17-1.

Retelling a now familiar story, the following year, Allianz sent Muschel a grace period notice, dated May 4, 2013, that stated $117,810.90 in premium payments was due to Allianz by June 8, 2013, the end of the grace period. Compl. ¶¶ 10–11. The Trust purportedly issued Allianz a check for the requested amount on June 7, but on June 25, Allianz advised Muschel that the check had not been honored by the bank. *Id.* ¶¶ 13–14; Dkt. 26. Then came another twist. In a letter dated August 20, 2013, the bank notified Allianz that the check was returned due to a bank error and should have been honored. *See* Compl. ¶ 15; Dkt. 21 at Ex. B.[2] The letter also advised Allianz that a replacement check "has already been or will be issued shortly" by Herman Brettler. *Id.*

---

[1] The Court assumes the parties' familiarity with the key facts and procedural history of this action and recapitulates them only as context requires.

[2] Because the August 20, 2013 letter from the bank to Allianz was incorporated into the complaint by reference, the Court may properly consider it here. *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).

On May 24, 2016, Muschel executed a written agreement assigning the policy back to the Trust, but no notice was provided to the insurer. Allianz first became aware of the purported change in ownership, it claims, when plaintiff commenced this action in Kings County Supreme Court, seeking a declaratory judgment that the policy was "in full force and effect" and had been "continuously in full force and effect since the Policy was issued without any lapses in coverage." Compl. ¶ 17; Dkt 26. The suit was filed on September 19, 2016 and removed on December 12, 2016.

Substantively, the Court dismissed the complaint on December 6, 2018, holding that the assignment underlying plaintiff's claim was invalid as a matter of law and, as such, the Trust lacked contractual standing. *See* Dkt. 27 at 7–9. Finding that whether the failure to comply with a written notice provision in a life insurance policy invalidated the assignment was an open question of New York law and that other pathways might exist to the same disposition without the need for certification, on April 9, 2021, the Second Circuit remanded to permit supplemental briefing and consideration of such issues. Dkt. 39 at 4.[3]

Discussion

I.   Collateral Estoppel

In a preemptive strike that seeks to establish a different pathway to victory, plaintiff argues that the questions posed by the Second Circuit have already been dispositively answered in two other actions in this District—*Blau v. Allianz*, 14-cv-3202 (Garaufis, J.), and *Halberstam v. Allianz*, 16-cv-06854 (Ross, J.)—which, plaintiff claims, are binding on this Court pursuant to the doctrine of collateral estoppel. Those two actions, plaintiff asserts, stem from other

---

[3] Dora Zupnick passed away after the appeal was filed in early 2019 but before the supplemental briefs were submitted in June 2021. *See* Defendant's Supplemental Brief ("Def. Supp. Br."), Dkt. 40, at 2; Plaintiff's Supplemental Brief ("Pl. Supp. Br."), Dkt. 41, at 1.

"identical" life insurance policies on the life of Dora Zupnick, which were issued simultaneously with the policy at issue here and were also terminated by Allianz for failure to pay premiums. *See* Pl. Supp. Br. at 1–2. In basic symmetry with Brettler, the plaintiffs in *Blau* and *Halberstam* sought a declaration that their respective life insurance policies had not lapsed.

Understanding the steeplechase nature of the apparent race among the companion litigations is essential to fair consideration of plaintiff's threshold argument, if not administratively compelling for related case assignments in situations like these. At any rate, three decisions undergird the analysis of plaintiff's argument. First, on June 17, 2017, Judge Ross in *Halberstam* granted in part and denied in part Allianz's motion to dismiss, finding that the action was timely under Insurance Law § 3211(d) and C.P.L.R. § 214(2) and that Halberstam had "pled the bare minimum necessary to state a claim" on the basis that Allianz's grace notice—and, thus, its termination of the policy—was invalid. *Halberstam v. Allianz Life Ins. Co. of N. Am.*, 2017 WL 10187689, at *7–8 (E.D.N.Y. June 9, 2017) ("*Halberstam I*"). Second, on February 18, 2018, Judge Garaufis in *Blau* granted summary judgment for Allianz, finding that although a disputed issue of fact existed regarding the accuracy of the amount due in Allianz's grace notice, the "[p]laintiff's nonpayment for a year following the due date of the premium served to terminate the policy." *Blau v. Allianz Life Ins. Co. of N. Am.*, 2018 WL 949222, at *4–6 (E.D.N.Y. Feb. 16, 2018). Finally, wrapping up the *Halberstam* case, on October 2, 2018, Judge Ross granted summary judgment for the plaintiff and held that the at-issue life insurance policy did *not* lapse after one year of non-payment. *Halberstam v. Allianz Life Ins. Co. of N. Am.*, 349 F. Supp. 3d 164, 171–74 (E.D.N.Y. 2018) ("*Halberstam II*"). Though, at a distance, this conclusion appears in conflict with that of Judge Garaufis's, the facts buttressing this circumstance-specific holding belie any notion of inconsistency. Indeed, unlike the plaintiff in *Blau*—who admitted "that he did not attempt to make any payments on the [p]olicy" after

4

defaulting, *Blau*, 2018 WL 949222, at *6—the plaintiff in *Halberstam II* repeatedly offered to pay all outstanding premiums, which Allianz rejected, insisting that the plaintiff reinstate the policy before making further payments. Judge Ross therefore held that, by refusing to allow the plaintiff to pay the outstanding premiums, Allianz repudiated the contract and excused the Trust from its future payment obligations. *Halberstam II*, 349 F. Supp. at 171–74.

Most importantly, notwithstanding the substantial factual and legal overlap among this case and the other two, the overlap, although helpful, does not afford any of these earlier decisions preclusive effect. The doctrine of collateral estoppel applies only when the issues in both proceedings are "identical in all respects." *Faulkner v. Nat'l Geographic Enter. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005) (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 599–600, 68 S.Ct. 715, 92 L.Ed. 898 (1948)). Collateral estoppel is therefore inapplicable "when the essential facts of the earlier case differ from the instant one, even if they involve the same legal issues." *Env't Def. v. U.S. E.P.A.*, 369 F.3d 193, 202 (2d Cir. 2004).

Clearly, the essential facts out of which the present action arises are not "identical in all respects" to those of *Blau*, *Halberstam I*, or *Halberstam II*. Most obviously, even assuming the three policies on Zupnick's life were identical, the purportedly defective grace period notices were not. *Compare* Compl. ¶ 10–11 (May 4, 2013 grace notice demanded $117,810.90 in premium payments), *with Halberstam II*, 349 F. Supp. 3d at 167 (August 7, 2012 grace notice demanded $116,511.94 in premium payments), *and Blau*, 2018 WL 949222, at *1 (March 10, 2011 grace notice demanded $71,900.74 in premium payments). Corresponding to these payment history differences, Allianz also made particularized determinations in each case as to when it deemed a policy lapsed. Additionally, as discussed in Section III, *infra*, there are virtually no allegations by Brettler concerning the parties' post-lapse conduct—facts of the sort that were critical to *Blau* and *Halberstam II*. *See* Compl. ¶ 13–16. Truly exposing the soft

5

underbelly of his argument, however, is the fact that plaintiff has not offered any coherent reason as to why *Halberstam II*, in which summary judgment was granted for plaintiff, should have a preclusive effect but *Blau*, in which summary judgment was granted for Allianz, should not. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330, 99 S. Ct. 645, 58 L.Ed.2d 552 (1979) (noting offensive collateral estoppel is disfavored when "the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant").

In sum, none of the cases advanced by plaintiff for estoppel purposes is entitled to preclusive effect. The decisions in *Blau* and *Halberstam*, while helpful to resolving the issues raised in the supplemental briefs, do not bind the Court to a particular outcome.

II.  Timeliness

    A.  New York Insurance Law § 3211(d)

New York Insurance Law section 3211(d) provides that "[n]o action shall be maintained to recover on any life insurance policy . . . which has lapsed because of default in making [a premium] payment . . . unless the action is instituted within two years from the date of such default." N.Y. Ins. Law § 3211(d). Multiple courts, including Judge Ross in *Halberstam I*, have held that, for purposes of this provision, an action to "recover on a[] life insurance policy" does not include those in which the requested relief is a declaratory judgment that a policy remains in full force and effect. *See Halberstam I*, 2017 WL 10187689, at *8 ("New York Insurance Law § 3211(d) . . . does not apply where, as here, a litigant seeks a declaratory judgment that a policy is in full force and effect."); *Weiss v. Sec. Mut. Life Ins. Co. of N.Y.*, 45 N.Y.S.3d 169, 171 (N.Y. App. Div. 2017) ("[B]ecause the instant action is one for a declaratory judgment, rather than to recover on the policy, it is not time-barred by the two year statute of limitation contained in Insurance Law § 3211(d)."); *Lebovits v. PHL Variable Ins. Co.*, 2014 WL 1312073, at *2 (E.D.N.Y. Mar. 28, 2014) ("[T]he Trust's action for a declaratory judgment that the policy

6

remains in full force and effect is not an action to recover on the policy and, therefore, not subject to § 3211(d).").

Allianz does craft a rejoinder nonetheless, arguing that § 3211(d) is applicable because although Zupnick was alive when this action was commenced and when *Halberstam I* was decided, she has since passed away, effectively transforming the declaratory action into one seeking to "recover" on the policy because, Allianz claims, "the only benefit" of seeking a declaration that the policy is in full force and effect is to receive the death benefit under the policy. Def. Supp. Br. at 3 n.1.

Unsurprisingly, given the novelty of this argument, Allianz points to no direct authority that supports retroactive application of § 3211(d) in the context of a life insurance policy. Chief among the cases it offers as indirect support is *Dama v. Prudential Ins. Co. of Am.*, 2018 WL 6706314 (E.D.N.Y. Dec. 20, 2018), which involved an action for breach of contract, not declaratory judgment, in connection with a long-term care policy that entitled the insured to recover benefits only after he incurred certain qualifying expenses. *Id.* at *1. The *Dama* complaint, which was filed several years after the insured suffered a stroke and had incurred such qualifying expenses, explicitly alleged that the plaintiff was deprived of the necessary reimbursement under the policy and sought monetary relief. *Id.* at *6–8. As a result, the court rejected the plaintiff's argument that "his action seeks to reinstate the [p]olicy rather than recover benefits" and applied the shorter limitations period applicable to actions to recover benefits. *Id.* at *6.

Significantly, unlike in *Dama*, the Trust did not have a claim for a policy pay-out at the time this action was filed, which is why, presumably, it has stayed as one for declaratory relief. More importantly, neither *Dama* nor any other case relied upon by plaintiff suggests that the death of an insured automatically transforms an otherwise timely action for declaratory judgment

7

that is exempt from § 3211(d) into an action to enforce the policy and recover under it, which would be an action for relief that is subject to the provision's two-year limitations period. Finding nothing in New York's statutory or decisional law that compels it, the Court will not, at apparent first impression, create and apply such a rule now to lock plaintiff out of the courthouse. Accordingly, this question is answered in the negative, and it is held that Brettler's lawsuit is not time-barred by § 3211(d).

B.  C.P.L.R. § 214(2)

Nor is the action time-barred by C.P.L.R. § 214(2). That provision imposes a three-year statute of limitations for "action[s] to recover upon a liability, penalty or forfeiture created or imposed by statute." C.P.L.R. § 214(2). However, a different provision, C.P.L.R. § 213, imposes a six-year statute of limitations for "action[s] for which no limitation is specifically prescribed by law," *id.* § 213(1), and "action[s] upon a contractual obligation or liability, express or implied," *id.* § 213(2).

Although the "catch-all" provision of § 213(1) is traditionally applied to actions that seek only equitable remedies, this is not a *per se* rule. *See, e.g.*, *Hartnett v. New York City Transit Auth.*, 86 N.Y.2d 438, 443–44, 657 N.E.2d 773, 776 (1995); *Medoy v. Warnaco Emps.' Long Term Disability Ins. Plan*, 2006 WL 355137, at *2–4 (E.D.N.Y. Feb. 15, 2006). Rather, when there is no limitations period that governs the specific claim at issue, the court must "examine the substance of th[e] action to identify the relationship out of which the claim arises and the relief sought'" to determine whether § 214(2) or § 213 applies. *Hartnett*, 86 N.Y.2d at 443–44 (quoting *Solnick v. Whalen*, 49 N.Y.2d 224, 229, 401 N.E.2d 190, 194 (1980)).

Framed by limitations provisions that, at times, seem to work at cross-purposes, Allianz argues that the three-year limitations period imposed by § 214(2) applies because the complaint alleges that its grace notice and termination of the policy violated provisions of New York

8

Insurance Law. *See* Def. Supp. Br. at 5–6 (citing Compl. ¶¶ 8, 9, 24, 26–28, 27). But, at best, that is where the inquiry begins, not where it ends. That certain conduct might violate provisions of the insurance law does not mean that the insurance law has created a private right of action independent of the victim's rights under the contract of insurance. The precise conduct made unlawful under the insurance law is, as plaintiff claims in this lawsuit, conduct that breaches the policy. *See, e.g.*, Compl. ¶¶ 8–9, 20, 23, 27, 34–35, 40, 45–48, 51–52, 56. With a violation of the insurance laws unnecessary to plaintiff's complete relief in the cause of action alleged, the limitations period established by § 214(2) has no applicability. *See Hartnett*, 86 N.Y.2d at 444 ("[I]n determining the applicability of CPLR 214(2), the pertinent inquiry is whether the statute creates a liability 'for wrongs not recognized in the common or decisional law,' and which would not exist but for the statute." (quoting *State v. Cortelle Corp.*, 38 N.Y.2d 83, 86, 341 N.E.2d 223, 224 (1975))). Additionally, Allianz has not identified, nor is the Court aware of, any statute, particular to this context, that affords plaintiff the equitable relief sought in the complaint. *See, e.g.*, *Saratoga Cty. Chamber of Commerce, Inc. v. Pataki*, 100 N.Y.2d 801, 815, 798 N.E.2d 1047, 1055 (2003) (finding action for declaration and injunction fell within "the residuary six-year statute of limitations period under C.P.L.R. 213(1)" because no statute "provide[d] plaintiffs a way of obtaining the relief they seek").

As much as Allianz might like to wish or transform it away, when the smoke clears, plaintiff's lawsuit does not allege a cause of action for a violation of New York's insurance law, the premium payment obligations and parties' relationships arose from the policy not statutory law, and the only relief requested in the complaint is a declaration that the parties' contract remains in effect. Given this straightforward reality, the six-year limitations period imposed by

9

C.P.L.R. § 213 applies to plaintiff's action.[4]  Consequently, because the action was filed within six years of the issuance of the allegedly flawed grace notice and termination of the policy, it is not time-barred.

III.     Assignability of Muschel's Interest

The final question to be addressed on remand is whether Muschel had an assignable interest in the policy on May 24, 2016.  Once again, the discussion of this same legal issue in *Halberstam* and *Blau*, while not binding, is nevertheless helpful to its resolution here.

Still, of course, the decision must begin with the words of the controlling substantive statute.  That statute, New York Insurance Law § 3211(a)(1), provides, in pertinent part:

> No policy of life insurance . . . shall terminate or lapse by reason of default in payment of any premium, installment, or interest on any policy loan in less than one year after such default, unless, for scheduled premium policies, a notice shall have been duly mailed at least fifteen and not more than forty-five days prior to the day when such payment becomes due.

N.Y. Ins. Law. § 3211(a)(1).  The statute further provides that such notice must "state the amount of such payment, the date when due, [and] the place where and the person to whom it is payable."  *Id.* § 3211(b)(2).

Though perhaps creating a trap for the quick reader, the law generates a two-track system for enabling insurers to cancel policies.  Specifically, § 3211 "establishes two dates on which past-due insurance policies lapse."  *Maharan v. Berkshire Life Ins. Co.*, 110 F. Supp. 2d 217, 221 (W.D.N.Y. 2000).  If the insurer mails a § 3211(b)(2)-compliant notice within the required period, then the insurer may lapse the policy for non-payment on the date of default.  If, however, no valid notice of default is sent, the insurer may lapse the policy only after one year of

---

[4] This holding is consistent with that of *Halberstam I*, where the court rejected the same argument advanced by Allianz here and found that "in an action for a declaratory judgment, a six-year statute of limitations applies, as stated in . . . C.P.L.R., § 213." *Halberstam I*, 2017 WL 10187689, at *8 (citing *Solnick*, 401 N.E.2d at 193))).

10

default in payment. *See id.*; *Blau*, 2018 WL 949222, at \*6 ("After a year of nonpayment, the insurer may lapse the policy without any notice." (citing *Weiss*, 45 N.Y.S.3d at 171)); *Dobbs v. First Alexander Hamilton Life Ins. Co.*, 231 A.D.2d 959, 959 (N.Y. App. Div. 4th Dep't 1996). In other words, when an insurer's notice of default fails to comply with the requirements of § 3211(b)(2), "[t]he only consequence . . . is that the lapse or termination is postponed until one year after the date of the default." *Margulis v. William Penn Ass'n*, 472 N.Y.S.2d 848, 850 (Civ. Ct. 1984); *see Weiss*, 45 N.Y.S.3d at 171 ("Regardless of whether the premium notice mailed by the defendant to the plaintiff complied with the statutory requirements [of § 3211(b)(2)], the policy lapsed . . . in accordance with the statute, one year after the due date of the missed premium payment . . ." (citations omitted)); *Lebovits v. PHL Variable Ins. Co.*, 199 F. Supp. 3d 678, 681 (E.D.N.Y. 2016) ("Although noncompliance with § 3211 means that an insurer cannot lapse the policy within one year of the default, it may still lapse the policy after that period.").

In a counterpoint, plaintiff argues that the policy "was never terminated" because Allianz's grace notice significantly overstated the amount due to prevent lapse, in violation of N.Y. Ins. Law. § 3211(b)(2). *See, e.g.*, *Lebovits*, 199 F. Supp. 3d at 680 ("[A] notice that misstate[s] the premium due" is defective "as long as the misstatement was not *de minimis*."); *Weiss v. Lincoln Nat'l Life Ins. Co.*, 2016 WL 4991533, at \*5 (E.D.N.Y. Sept. 15, 2016) ("Unlike a notice that includes only a minor error or an obvious typographical error in the premium amount due, a notice with a significantly higher amount due than actually required is ineffective to cancel the policy." (cleaned up)). Brettler pegs his pleading to this statutory requirement, pointing out that the complaint alleges that although Allianz's grace notice "requested $117,810.90, in reality, approximately $75,000 or less would have prevented the lapse." Compl. ¶ 33. Fully supporting the allegation that Allianz's notice demanded significantly higher payment than was required is the provision of the policy providing that, once the grace period

11

has commenced, "a premium payment sufficient to keep the policy in force for three months is required" to avert lapse. Dkt. 17-2 at 8; *see also* N.Y. Ins. Law § 3203(a)(1) ("[T]he policyholder is entitled to a sixty-one day grace period . . . within which to pay sufficient premium to keep the policy in force for three months . . . ."). Very significantly, at this stage, this factual allegation in itself is sufficient to plausibly plead that Allianz's grace notice was defective. *Halberstam I*, 2017 WL 10187689, at *7; *Weiss*, 2016 WL 4991533, at *5.

At the same time, though, the pleading of this fact does not mean that the policy "never" lapsed. Per § 3211(a)(1), if plaintiff never tendered payment for the outstanding premiums, the lapse would have simply been "postponed until one year after the date of the default." *Margulis*, 472 N.Y.S.2d at 850. Accordingly, the dispositive question is whether plaintiff has pleaded facts sufficient to support an inference that either the Trust or Muschel "tendered payment in a manner that would prohibit the application of the one-year limitation rule." *Halberstam I*, 2017 WL 10187689, at *7. The Court finds that plaintiff has made such a showing.

The complaint goes on to assert that the Trust sent Allianz a check for $117,810.90 on June 7, 2013, one day before the grace period was set to expire. Compl. ¶¶ 10–14; Dkt. 26. Although Allianz notified Muschel that the check had not been honored by the bank, in a letter dated August 20, the bank informed Allianz that the check was returned due to a bank error and that a replacement check "has already been or will be issued shortly" by Herman Brettler. Compl. ¶¶ 15–16; Dkt. 21 at Ex. B. Plaintiff also broadly alleges it "is prepared and has always been prepared to pay any outstanding premiums" on the policy. Compl. ¶ 53.

These sparse but substantiated allegations are sufficient to avoid dismissal on this basis. But-for the bank's error, plaintiff's June 7 payment would have prevented the policy from lapsing for non-payment; even if the check reached Allianz after June 8, it would have constituted payment within one year of default, thereby precluding application of § 3211(a)(1)'s

12

one-year rule.  Moreover, the August 20 letter can be reasonably construed as an offer to reissue the bounced check.  These facts are far more analogous to *Halberstam* than they are *Blau*.  In *Blau*, the Trust did not even attempt to make any premium payments at any point following receipt of the deficient grace notice.  *Blau*, 2018 WL 949222, at *1, 6.  In contrast, in *Halberstam*, the Trust offered to pay its outstanding premiums several months after receiving the deficient grace notice, but Allianz refused to accept further payment or place the policy back in active status.  *Halberstam I*, 2017 WL 10187689, at *7; *see also Lebovits*, 199 F. Supp. 3d at 681 (insured's attempt to pay past-due premiums was sufficient to prevent lapse under § 3211's one-year rule).

       To be sure, the Trust's attempted payment to Allianz did not, in itself, excuse plaintiff from *all* future premium payment obligations or necessarily prevent the policy from lapsing at a future date.  It remains to be seen whether Allianz's subsequent conduct amounted to a repudiation of the policy or otherwise absolved the Trust of its responsibility to honor its terms.  *See Halberstam II*, 349 F. Supp. 3d at 172–73 ("When a life-insurance company repudiates its contract, either by terminating the policy outright or by insisting on extracontractual performance as a condition of continued coverage, the company cannot then rely on the policyholder's failure to tender premiums in arguing that the policy has lapsed.").  Yet, although far from a guaranteed pathway to success, success is, at least at this stage in the litigation, certainly attainable given the plausibility of the facts alleged.  Accordingly, because the grace period notice was deficient and the Trust tendered the amount demanded by Allianz within one year of default, the Court cannot conclude that, as a matter of law, the policy was properly terminated before May 24, 2016, when Muschel attempted to assign her interest in the policy back to the Trust.

       In sum, it is the Court's view that both questions posed by the Second Circuit must be answered in the negative:  the action is not time-barred, and plaintiff has plausibly alleged that

13

the Trust's attempted payment prevented the policy from lapsing and, thus, that the policy was assignable on May 24, 2016. As such, dismissal is not warranted on either of these two additional bases. However, these findings, of course, do not disturb the Court's initial holding that dismissal is proper because the failure to give Allianz written notice of the policy's assignment deprives the Trust of contractual standing to bring suit.

## Conclusion

For the foregoing reasons, the Court finds, in answer to the questions the Second Circuit requested it consider on remand, that plaintiff has plausibly alleged (1) the action is timely, and (2) the policy was assignable on May 24, 2016.

Pursuant to the Second Circuit's order, within 21 days from the date this Order is entered on the docket, the parties shall notify the Clerk of Court for the Second Circuit of this decision by letter. No additional notice of appeal is necessary.

So Ordered.

Dated: Brooklyn, New York
       May 24, 2022

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge